**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

JIMMI MARZANA CANCHINGRE,

     Petitioner,

     v.

ANDY CRUZ,

     Respondent.

---

Civil Action No. 23-20486 (KMW)

**OPINION**

**WILLIAMS**, District Judge:

  This matter comes before the Court on the habeas petition filed by Petitioner Jimmi Marzana Canchingre pursuant to 28 U.S.C. § 2241.  (ECF No. 1).  Following an order to answer, the Government filed responses to the petition (ECF Nos. 4), to which Petitioner did not respond. For the following reasons, the petition is denied.

I.  **BACKGROUND**

  Petitioner is a convicted felon currently serving his sentence at the Fort Dix Federal Correctional Institution.  (*See* ECF No. 1 at 1.)  In March of 2023, The Bureau of Prisons determined Petitioner was eligible to accrue credits towards his early release under the First Step Act.  (ECF No. 4-1 at 12.)  Based on the number of credits available to Petitioner, Petitioner was projected to have a release date of August 17, 2023.  (ECF No. 1 at 3.)  On August 17, 2023, however, Petitioner was issued an expedited removal order by immigration officials.  (ECF No. 4-1 at 15.)  Based on this order, the BOP rendered Petitioner ineligible to apply his First Step Act

Credits, and Petitioner's release was pushed back to account for his inability to apply a year's worth of First Step Act credits. Petitioner seeks to use his habeas petition to challenge this "loss" of credits without a hearing or other opportunity to be heard. (ECF No. 1 at 6.) Petitioner seeks via his habeas petition to have his credits restored and to be ordered released. (*Id.* at 7.) However, Petitioner did not pursue any administrative remedies prior to filing this matter in September 2023, because he believed remedies were not "available." (*Id.* at 7.)

## II.      LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

## III.      DISCUSSION

In his current petition, Petitioner requests that this Court order the BOP to release him based on his accrued First Step Act credits of which he believes he has been improperly deprived. While the First Step Act provides inmates who engage in recidivism reduction training an opportunity to obtain credits to apply towards their early release, the statute explicitly states that a prisoner "is ineligible to apply time credits [to reduce his sentence] if the prisoner is the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i). The statute thus bars any inmate who is subject to a final order of removal from receiving or applying FSA credits. *See, e.g., Gonzalez-Garcia v. FCI Berlin, Warden*, No. 23-91, 2023 WL 3020872, at *2 (D.N.H. Apr. 20, 2023).

Here, the Government issued an expedited order of removal for Petitioner on August 17, 2023. Upon the issuance of that order, Petitioner became statutorily ineligible to apply any of his First Step Act credits towards his release, and the BOP's decision not to apply those credits or release Petitioner was thus mandated by the text of the statute itself. No hearing or other opportunity to be heard was required for the Bureau to adjust Petitioner's release date once his final order of removal was issued – the change was mandatory and entirely mechanical in nature once the removal order was issued. The BOP's adjustment of Petitioner's release date was thus not improper, and Petitioner is not entitled to habeas relief or the restoration of any credits as a result.[1]

Finally, the Court notes that Petitioner did not even attempt to exhaust his administrative remedies prior to filing suit in this matter, and would thus be barred from habeas relief even had he shown a defect in the BOP's actions. Habeas petitioners are generally required to exhaust all available administrative remedies prior to filing suit in federal court, and failure to comply with this requirement "generally bars review of a federal habeas corpus petition absent a showing of cause and prejudice." *See, e.g., Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760-61 (3d Cir. 1996). Although this requirement may be excused under certain circumstances, such as where exhaustion would be futile, *see Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998), absent a showing of such circumstances or cause and prejudice, the failure to exhaust will result in the dismissal of a habeas petition. *Moscato*, 98 F.3d at 761; *see also Downs v. N'Diaye*, 2021 WL 5076412, at *2 (D.N.J. Nov. 2, 2021). As Petitioner did not attempt to exhaust his claims, and

---

[1] The Court fully understands that it may have seemed to Petitioner that the actions of immigration officials – not issuing a final removal order until the very day of his scheduled release – in this matter were rather cruelly timed, but the unfortunate timing of the order does not provide a basis for relief. Immigration officials retained the authority under 8 U.S.C. § 1225(b)(1)(A)(i) to issue Petitioner's removal order "without further hearing or review" and Petitioner has not attempted to show that his removal order is in any way unlawful.

because Petitioner could have raised his concerns to the attention of the BOP or immigration officials before pursuing his habeas petition, this matter would have been subject to dismissal for lack of exhaustion had his claims been of greater merit.

## IV.   **CONCLUSION**

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DENIED**.  An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge